```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARIA CACOILO, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br>et al.,<br><br>          Defendants. | Civil No. 11-7039 (NLH/KMW)<br><br>**ORDER** |

**HILLMAN, District Judge**

    This matter having come before the Court by way of several motions [Doc. Nos. 22, 70, 71, 75, 244, 247, 252] by multiple Defendants seeking to dismiss Plaintiffs' complaint for a variety of reasons, and by way of Plaintiffs' cross-motion [Doc. No. 107] requesting that the Court defer ruling on the motions to dismiss until after the Court resolves Plaintiffs' pending motion [Doc. No. 89] to remand; and

    The Court noting that Defendants Safety-Kleen Systems, Inc. and The Sherwin Williams Company (the "Removing Defendants") filed a notice of removal [Doc. No. 1] in this action on December 2, 2011 removing this case from the Superior Court of New Jersey, Camden County pursuant to 28 U.S.C. § 1446; and

    The Court also noting that the Removing Defendants assert that this action is removable pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b) in that federal enclave jurisdiction exists

with regard to Plaintiffs' claims, (see Notice of Removal [Doc. No. 1] ¶ 3); and

The Court further noting that on January 3, 2012, Plaintiffs filed a motion [Doc. No. 89] seeking to remand this case to the Superior Court of New Jersey, Camden County; and

The Court observing that Plaintiffs' motion to remand was filed subsequent to several of pending motions to dismiss [Doc. Nos. 22, 70, 71, 75], but prior to several others [Doc. Nos. 244, 247, 252]; and

Plaintiffs asserting in the motion to remand that the December 2, 2011 Notice of Removal is defective because it violates the Rule of Unanimity, and further asserting that the Court lacks subject matter jurisdiction in this case because the Removing Defendants failed to establish federal enclave jurisdiction, (see Mem. of Law in Supp. of Pls.' Mot. to Remand [Doc. No. 89-1] 1); and

The Court finding that federal "[c]ourts are generally required to determine questions of jurisdiction before reaching the merits of a case." Brown v. Jersey City Parking Auth., No. 08-0764, 2008 WL 4117454, at *3 (D.N.J. Aug. 29, 2008) (citation omitted); and

The Court further finding that "[o]nce a motion to remand has been filed, it is incumbent upon the Court to proceed to decide that motion first because, if granted, the case is

remanded ... to the court of initial jurisdiction[.]" Chrustowski v. Cumberland Cnty. Guidance Center, No. 06-4847, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006); and

The Court recognizing that such an approach "is consistent with the well-established principle that federal courts are of limited jurisdiction." Id.; and

The Court noting that other courts within this District consistently apply this approach and resolve a pending motion to remand prior to ruling on other motions which address the merits of the case, see, e.g., Christ Hosp. v. Local 1102 Health and Ben. Fund, No. 11-5081, 2011 WL 5042062, at *2 (D.N.J. Oct. 24, 2011) (choosing to address plaintiff's motion to remand prior to ruling on defendant's motion to dismiss because the motion to remand affected the court's jurisdiction even though defendant's motion to dismiss was filed before the motion for remand); Brown, 2008 WL 4117454, at *3 (considering plaintiff's motion to remand as a threshold matter even though defendants asked the court to rule on their motion to dismiss first, which, they argued, obviated the need to decide the motion to remand); Hicks v. Monaco Coach Corp., No. 06-3949, 2006 WL 3780703, at *1 (D.N.J. Dec. 21, 2006) (same); Chrustowski, No. 06-4847, 2006 WL 3780555, at *2 (same); and

The Court further finding that such an approach is warranted in this case; and for good cause shown;

Accordingly,

IT IS on this   25th   day of   June  , 2012, hereby

**ORDERED** that Plaintiffs' cross-motion [Doc. No. 107] requesting that the Court defer ruling on the motions to dismiss until after the Court resolves Plaintiffs' pending motion [Doc. No. 89] to remand shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the pending motions to dismiss [Doc. Nos. 22, 70, 71, 75, 244, 247, 252] shall be, and hereby are, **DENIED WITHOUT PREJUDICE** to Defendants' rights to reinstate these motions after the Court issues a ruling on Plaintiffs' motion [Doc. No. 89] to remand.  In the event the Court denies Plaintiffs' motion to remand, Defendants may reinstate their respective motions by filing a letter application with the Court.


                                      /s/ Noel L. Hillman    
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

4