# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARIA CACOILO, individually
and on behalf of the estate of
NILTON CACOILO, and JOSE
CACOILO,

               Plaintiffs,

      v.

THE SHERWIN-WILLIAMS COMPANY,
et al.,

               Defendants.

Civil No. 11-7039 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Andrew J. Dupont, Esquire
Michael B. Leh, Esquire
Locks Law Firm, LLC
The Curtis Center
601 Walnut Street
Suite 720 East
Philadelphia, Pennsylvania 19106
    *Attorneys for Plaintiffs*

William John Smith
Dickie, McCamey & Chilcote, PC
20 Kings Highway West
Suite 200
Haddonfield, New Jersey 08033
    *Attorney for Defendants The Sherwin-Williams Company and PPG
    Industries, Inc.*

Diane Fleming Averell, Esquire
Porzio, Bromberg & Newman PC
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
    *Attorney for Defendant Cytec Industries, Inc.*

Colin P. Hackett, Esquire
Lewis Brisbois Bisgaard & Smith
One Riverfront Plaza
Suite 350
Newark, New Jersey 07102
     *Attorney for Defendant Henkel Corporation*

David S. Osterman, Esquire
Brian F. Hannan, Esquire
Goldberg Segalla LLP
301 Carnegie Center Drive
Suite 101
Princeton, New Jersey 08540
     *Attorneys for Defendant J-B Weld Company*

Dinesh Uttam Dadlani, Esquire
Dwight A. Kern, Esquire
Segal McCambridge Singer & Mahoney Ltd.
15 Exchange Place
Suite 1020
Jersey City, New Jersey 07302
     *Attorneys for Defendant Niles Chemical Paint Co.*

Frances Wang Deveney, Esquire
Marks, O'Neill, O'Brien & Courtney, PC
Cooper River West
6981 N. Park Drive
Suite 300
Pennsauken, New Jersey 08110
     *Attorney for Defendants LHB Industries, Inc. and
     Seymour of Sycamore*

Justin T. Nastro, Esquire
Freehill, Hogan and Mahar, LLP
80 Pine Street
New York, New York 10005
     *Attorney for Defendant Pacific West Chemical Corp.*

Timothy Douglas Rau, Esquire
Jennifer Marie Branch, Esquire
Marshall Dennehey
1845 Walnut Street
Philadelphia, Pennsylvania 19103
     *Attorneys for Defendant Illinois Tool Works, Inc.*

Robert John Kelly, Esquire
Christine Marie Delaney, Esquire
Littleton, Joyce, Ughetta, Park, & Kelly LLP
141 W. Front Street
Suite 120
Red Bank, New Jersey 07701
    *Attorneys for Defendant Lord Corporation*

Jeannie Park, Esquire
Nelson, Levine, deLuca & Horst, LLC
518 Township Line Road
Suite 300
Blue Bell, Pennsylvania 19422
    *Attorney for Defendant Akron Paint & Varnish, Inc. a/k/a*
    *APV Engineered Coatings*

William C. Mead, Jr., Esquire
Litchfield Cavo LLP
1800 Chapel Avenue West
Suite 360
Cherry Hill, New Jersey 08002
    *Attorney for Defendant PJH Brands, Inc. d/b/a*
    *Sperex Corporation*

Richard S. Ranieri, Esquire
Weber Gallagher Simpson Stapleton Fires & Newby, LLP
430 Mountain Avenue
4th Floor
Murray Hill, New Jersey 07974
    *Attorney for Defendant Royal Adhesives & Sealants*

Michael L. Trucillo, Esquire
Lewis Brisbois Bisgaard & Smith, LLP
One Riverfront Plaza
Suite 350
Newark, New Jersey 07102
    *Attorney for Defendant Safety-Kleen Systems, Inc.*

James S. Montano, Esquire
McCullough Ginsberg Montano & Partners
320 East 53rd Street
Suite 100
New York, New York 10022
    *Attorney for Defendant Gray Mills Corporation*

3

Andrew P. Fishkin, Esquire
Steven Miles Lucks, Esquire
Fishkin Lucks LLP
One Riverfront Plaza
Suite 220
Newark, New Jersey 07102
    *Attorneys for Defendants Exxon Mobil Corporation, Chevron U.S.A., Inc., and Ashland, Inc.*

Jeffrey D. Grossman, Esquire
Marianne Johnston, Esquire
Stradley, Ronon, Stevens & Young LLP
2600 One Commerce Square
Philadelphia, Pennsylvania 19103
    *Attorneys for Defendants Octagon Process, Inc., Octagon Process, LLC, and Clariant Corporation*

Brian Jonathan Sorensen, Esquire
McElroy Deutsch Mulvaney & Carpenter LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
    *Attorney for Defendants Hocking International and Complimentary Coatings Corp.*

William A. Cambria, Esquire
McElroy Deutsch Mulvaney & Carpenter LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
    *Attorney for Defendant Complimentary Coatings Corp.*

Thomas P. Scrivo, Esquire
Aileen E. McTiernan, Esquire
Mcelroy Deutsch Mulvaney & Carpenter LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
    *Attorney for Defendant Chemical Specialist and Development, Inc.*

Jerald J. Howarth, Esquire
Howarth & Associates, LLC
Three Century Drive
2nd Floor
Parsippany, New Jersey 07054
    *Attorney for Defendant Tulstar Products, Inc.*

Meredith Kaplan Stoma, Esquire
Morgan Melhuish Abrutyn
651 W. Mount Pleasant Avenue
Livingston, New Jersey 07039-1673
    *Attorney for Defendant El Dorado Chemical Company*

Fern B. Miller, Esquire
Swartz Campbell
Two Liberty Place
50 South 16th Street, Floor 28
Philadelphia, Pennsylvania 19102
    *Attorney for Defendants Deft, Inc. and*
    *Hentzen Coatings, Inc.*

Roy Alan Cohen, Esquire
Porzio Bromberg & Newman PC
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962-1997
    *Attorney for Defendants Akzo Nobel, Inc., Akzo Nobel*
    *Coatings, Inc., International Paint, LLC, and Akzo Nobel*
    *Paints LLC*

John R. Scott, Esquire
Hardin, Kundla, McKeon, Poletto & Polifroni, PC
673 Morris Avenue
P.O. Box 730
Springfield, New Jersey 07081-0730
    *Attorney for Defendant Crawford Laboratories, Inc.*

David J. Cooner, Esquire
Gary Robert Tulp, Esquire
McCarter & English LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102
    *Attorneys for Defendant General Electric Company*

Bennet Susser, Esquire
Berman Sauter Record and Jardim, PC
222 Ridgedale Avenue
Morristown, New Jersey 07962-2249
    *Attorney for Defendants 3M Company and Advanced Chemistry*
    *and Technology, and Cross-Defendant Adadarko Petroleum*
    *Corporation*

Vincent R. Lodato, Esquire
Sills Cummis Epstein & Gross, PC
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
     *Attorney for Defendants 3M Company and Advanced Chemistry
     and Technology*

Paul V. Fernicola, Esquire
Paul V. Fernicola & Associates, LLC
219 Broad Street
Red Bank, New Jersey 07701
     *Attorney for Defendant Flamemaster Corp.*

Beth S. Rose, Esquire
Sills Cummis & Gross PC
One Riverfront Plaza
Newark, New Jersey 07102
     *Attorney for Defendant Advanced Chemistry & Technology*

Richard Dominick Picini, Esquire
Caruso Smith Edell Picini, PC
60 Route 46 East
Fairfield, New Jersey 07004
     *Attorney for Defendant Dow Corning Corporation*

Marc Scott Gaffrey, Esquire
Hoagland, Longo, Oropollo & Moran, ESQs.
40 Paterson Street
P.O. Box 480
New Brunswick, New Jersey 08903
     *Attorney for Defendant W.M. Barr & Company, Inc.*

Christopher E. Martin, Esquire
Maria Lucia Barbu, Esquire
Morrison Mahoney, LLP
Waterview Plaza
2001 U.S. Highway 46 east
Suite 200
Parsippany, New Jersey 07054
     *Attorneys for Defendant C&C Ventures, Inc.*

Michael Robert Fox, Esquire
Nelson Levine DeLuca & Hamilton, LLC
518 Township Line Road
Suit 300
Blue Bell, Pennsylvania 19422
     *Attorneys for Defendant Pachaging Services Co., Inc.*

Carrie Edinger Kehner, Esquire
Maron Marvel Bradley & Anderson
1201 North Market Street
Suite 900
Wilmington, Delaware 19801
     *Attorney for Defendants BP Products North America, Inc. and
     BP Corporation North America, Inc.*

Jessica Sara Boar, Esquire
Richard Spitaleri, Jr., Esquire
Bingham McCutchen LLP
355 South Grand Avenue, 44th Floor
Los Angeles, California 90071
     *Attorneys for Defendant Tesoro Corporation*

John B. Kearney, Esquire
Michael Robert Carroll, Esquire
Paul F. Jenkins, Esquire
Ballard Spahr LLP
210 lake Drive East
Suite 200
Cherry Hill, New Jersey 08002-1163
     *Attorneys for Defendant Valero Marketing and Supply Company*

Christopher D. Hillsley, Esquire
Robert D. Billet, Esquire
Billet & Associates LLC
309 Fellowship Road
Suite 200
Mount Laurel, New Jersey 08054
     *Attorneys for Defendant Kinder Morgan Energy Partners*

**HILLMAN, District Judge**

     This matter comes before the Court by way of Plaintiffs'
motion [Doc. No. 89] to remand this case to the Superior Court of
New Jersey for Camden County pursuant to 28 U.S.C. § 1447(c).
Defendants oppose Plaintiffs' motion to remand.  The Court has
considered the parties' submissions, and decides this matter
pursuant to Federal Rule of Civil Procedure 78.

7

For the reasons expressed below, Plaintiffs' motion will be granted.


## II.   BACKGROUND

On October 21, 2011, Plaintiffs Maria and Jose Cacoilo filed the original complaint in this action in the Superior Court of New Jersey for Camden County alleging that the death of their son, Nilton Cacoilo,[1] was caused by his exposure to Defendants' products, which contained the chemical benzene, during the time that Nilton Cacoilo served in the United States Marine Corps and worked at a variety of locations throughout the United States and overseas.[2]   Plaintiffs subsequently filed an amended complaint on October 24, 2011.   In the amended complaint, Plaintiffs named approximately fifty-eight Defendants consisting largely of entities which manufactured, produced, processed, formulated, blended, packaged, labeled, marketed, advertised, distributed, sold or supplied the benzene containing products at issue in this

---

1.   Nilton Cacoilo was diagnosed with Acute Myelogenous Leukemia (AML) on approximately November 4, 2009, and subsequently passed away on March 11, 2010.

2.   Nilton Cacoilo worked at the following locations during the relevant time period: Paris Island, South Carolina from September 2003 to December 2003; Camp Geiger, North Carolina in January 2004; "A School" in Pensacola, Florida from March 2004 to September 2004; "C School" in Cherry Point, North Carolina from October 2004 to February 2005; Camp Pendleton, California from August 2004 to September 2004, except during deployments to Al-Taqqadum, Iraq; and Al-Taqqadum, Iraq from February 2005 to September 2005 and from August 2006 to March 2007.

matter.  Plaintiffs' amended complaint asserts causes of action for negligence, breach of warranty, strict liability, intentional tort, wrongful death, and a survival action.[3]

On December 2, 2011, two Defendants, Safety-Kleen Systems, Inc. ("Safety-Kleen") and the Sherwin-Williams Company ("Sherwin-Williams") (hereinafter, collectively referred to as the "Removing Defendants"), removed Plaintiffs' action from New Jersey Superior Court to the United States District Court for the District of New Jersey, asserting that this Court had federal question jurisdiction over the matter pursuant to 28 U.S.C. § 1331 based on federal enclave jurisdiction as set forth in Article One, Section Eight, Clause 17 of the United States Constitution.  The Removing Defendants asserted that removal was proper because "[Cacoilo's] personal injury action arises from incidents occurring in a federal enclave[.]"  (Notice of Removal [Doc. No. 1] ¶ 5.)  In addition to the Removing Defendants, twelve other Defendants consented to removal of Plaintiffs' case to this Court by signing the Removing Defendants' notice of removal.[4]  (Id. at 6-8.)

_____

3.  Plaintiffs Maria and Jose Cacoilo bring this action on behalf of themselves as individuals, and Maria Cacoilo also brings this action as the executrix of the estate of her son Nilton Cacoilo.

4.  The twelve additional Defendants who joined in and consented to removal included: (1) Advanced Chemistry and Technology, Inc.; (2) LHB Industries, Inc.; (3) Seymour of Sycamore; (4) Pacific West Chemical Corp.; (5) Chevron U.S.A. Inc.; (6) Niles Chemical Paint Co.; (7) Valero Marketing and Supply Co.; (8) Akzo Nobel

On January 3, 2012, Plaintiffs filed the present motion to remand, asserting that removal of this action is defective under 28 U.S.C. § 1447(c) because it violates the rule of unanimity in that not all Defendants properly served at the time the notice of removal was filed on December 2, 2012 joined in, or consented to, removal.  (Mem. of Law in Supp. of Pls.' Mot. to Remand [Doc. No. 89-1] (hereinafter, "Pls.' Mem."), 1.)  Plaintiffs also argue that the Court lacks subject matter jurisdiction because the Removing Defendants have failed to establish the existence of subject matter jurisdiction predicated on the federal enclave clause of the United States Constitution.[5]  (Id.)

III. **DISCUSSION**

Generally, the removal of cases from state courts to federal courts is governed by 28 U.S.C. §§ 1441-1455.  In particular, Section 1441 governs removal of civil actions and provides in pertinent part that "any civil action brought in a State court of

---

Inc.; (9) Akzo Nobel Coatings, Inc.; (10) Akzo Nobel Paints, LLC; (11) International Paint, LLC; and (12) Cytec Industries, Inc.

5. Because the Court agrees with Plaintiffs that removal was procedurally defective in this case and that the case must be remanded to the Superior Court of New Jersey for Camden County, the Court need not address the merits of Plaintiffs' alternative argument regarding the existence of federal enclave jurisdiction in this matter.  Cf. Raju v. 315 Willow Avenue Condo. Ass'n, No. 07-3743, 2008 WL 314561, at *3 (D.N.J. Jan. 28, 2008) (declining "to address the substantive arguments on federal question jurisdiction" because the court found "remand to be warranted under the procedural prong of the removal analysis[.]")

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Section 1446 of the removal statute sets forth the procedures for removal explaining that a defendant or defendants desiring to remove a civil action must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants" in the state court action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. §§ 1446(a)-(b).

In cases involving multiple defendants, such as the present case, "Section 1446 has been construed to require that ... *all* [defendants] must join in the removal petition[.]"  <u>Lewis v. Rego Co.</u>, 757 F.2d 66, 68 (3d Cir. 1985) (emphasis added); <u>see also</u> 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served *must* join in or consent to the removal of the action.") (emphasis added).  The requirement that all defendants must join in or consent to removal is more commonly referred to as the "rule of unanimity."  Under the rule of unanimity, a

11

failure of all defendants to join in the notice of removal creates a "defect in the removal procedure within the meaning of § 1447(c)."  Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d. Cir. 1995).

Where a procedural defect in removal exists, Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c).  Because the failure of all defendants to join in, or consent to, removal is a procedural defect rather than a jurisdictional one, it functions as a procedural bar to removal which may be disregarded under only limited circumstances.  See Balazik, 44 F.3d at 213 n.4. (recognizing that the rule of unanimity may be disregarded when (1) a non-joining defendant is unknown or is a nominal party; (2) where a defendant has been fraudulently joined; or (3) where a non-resident defendant has not been served at the time the notice of removal is filed).

Because federal courts are courts of limited jurisdiction, both the Supreme Court of the United States and the Third Circuit Court of Appeals have recognized that removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand.  See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Samuel-Bassett v. KIA

Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d. Cir. 1987).  The Third Circuit has also repeatedly held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Federico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Samuel-Bassett, 357 F.3d at 396.

## IV.  **ANALYSIS**

Plaintiffs argue that removal is procedurally defective in this case because the Removing Defendants failed to comply with the rule of unanimity.  In support of this argument, Plaintiffs assert that prior to the filing of the Notice of Removal on December 2, 2011, "numerous Defendants were properly served with the Summons, Complaint, and First Amended Complaint."  (Pls.' Mem. 3-4.)  Specifically, Plaintiffs point to three Defendants who were properly served prior to the time the Notice of Removal was filed but which did not join in, or otherwise consent to, removal — Defendant Royal Adhesives and Sealants ("Royal Adhesives"), Defendant Illinois Tool Works, Inc. ("Illinois

Tool"), and Defendant J-B Weld Company ("J-B Weld").[6]   (Id. at 4.)   According to Plaintiffs' motion and the attached affidavits of service, these Defendants were personally served at the offices of their respective agents in New Jersey on November 4, 2011 (Defendants Royal Adhesives and J-B Weld) and November 11, 2011 (Defendant Illinois Tool).   (Id.); (see also Affidavits of Service, Exs. A, B, D to Pls.' Mem. [Doc. Nos. 89-5, 89-6, 89-8]).

In response, the Removing Defendants initially argue that the "Notice of Removal is not defective as all defendants have consented to removal to date."   (Removing Defs.' Mem. of Law In Opp'n to Pls.' Mot. to Remand [Doc. No. 144] (hereinafter, "Removing Defs.' Opp'n"), 1.)   According to the Removing Defendants, Plaintiffs' argument that certain Defendants failed to join in, or consent to, removal despite being served prior to the filing of the Notice of Removal is now moot because "to date, no defendant in this action has opposed removal" and "those Defendants [at issue] have all now filed their own individual Notices of Consent to Removal with the Court."   (Id. at 3-4.)

---

6. Plaintiffs also challenge whether Defendant Cytec Industries, Inc. properly joined in or consented to removal by having its counsel sign the Notice of Removal on December 2, 2011 even though counsel did not enter an appearance on behalf of Cytec until December 20, 2011.   The Court need not resolve this issue because the existence of a procedural defect with respect to the consent of Defendants Royal Adhesives, Illinois Tool, and J-B Weld sufficiently supports remand of this case.

14

Therefore, the Removing Defendants argue that "removal is proper and not defective as Plaintiffs suggest."  (Id. at 4.)

The Court notes that in asserting this mootness argument, the Removing Defendants apparently concede — having failed to offer any evidence to the contrary — that Defendants Royal Adhesives,[7] Illinois Tool, and J-B Weld were all properly served with the amended complaint prior to the filing of the Notice of Removal on December 2, 2011, and yet failed to join in, or consent to, removal at that time.  Thus, it is uncontested in the context of the present motion, that the Notice of Removal was procedurally defective within the meaning of Section 1447(C) because several Defendants who had been properly served at the time of removal failed to join in, or consent to, removal — in violation of the rule of unanimity.  See Balazik, 44 F.3d at 213.

However, the Removing Defendants appear to argue that this obvious defect in the removal procedure has been cured because, "[t]o date, each of those defendants has in fact consented to removal, thus rendering Plaintiffs' arguments ... moot." (Removing Defs.' Opp'n 7-8.)  Specifically, the Removing Defendants point to three separate Notices of Consent [Doc. Nos. 111, 130, 135] filed by Defendants Illinois Tool, Royal

_____

7.  In fact, Defendant Royal Adhesives expressly acknowledges that "[s]ervice on Royal Adhesives was effectuated through CT Corporation, as the registered agent for service of process in New Jersey on November 4, 2011."  (Letter from Richard S. Ranieri, Esq. in Opp'n to Mot. to Remand [Doc. No. 143] 2.)

Adhesives, and J-B Weld, respectively.  Defendant Illinois Tool
filed its "Notice of Consent to Removal" [Doc. No. 111] on
January 11, 2012.  Defendant Royal Adhesives filed its "Notice of
Joinder to Removal" on January 20, 2012, purporting to "consent[]
to the removal and join[] in the petition filed by ... Sherwin
Williams Company and Safety-Kleen Systems, on or about December
2, 2011."  (Notice of Joinder to Removal [Doc. No. 130] ¶ 4.)
Defendant J-B Weld also filed its "Consent to Removal" [Doc. No.
135] on January 20, 2012.

    As courts in this District have repeatedly explained, unless
an exception applies, "the rule of unanimity requires that all
defendants 'join in the notice of removal or give their consent
*within the thirty day period* for the removal to be proper.'"
Pinnacle Choice, Inc. v. Silverstein, No. 07-5857, 2008 WL
2003759, at *3 (D.N.J. May 6, 2008) (citing New York Reg'l Rail
Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June
30, 2006)) (emphasis added); see also Hicks v. Monaco Coach
Corp., No. 06-3949, 2006 WL 3780703, at *3 (D.N.J. Dec. 21, 2006)
(finding a defendant's consent submitted well beyond the 30 day
period was defective because "'all defendants must join in the
notice of removal or otherwise consent to the removal within the
thirty-day period set forth in 28 U.S.C. § 1446(b)'") (citing
Ogletree v. Barnes, 851 F. Supp. 184, 186-87 (E.D. Pa. 1994)).

    Where a defendant who has been properly served fails to join

16

in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period. The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court.  See, e.g., Raju v. 315 Willow Avenue Condo. Ass'n, No. 07-3743, 2008 WL 314561, at *2-3 (D.N.J. Jan. 28, 2008) (granting plaintiffs' motion to remand where the removing defendant failed to obtain the consent of two other defendants who were properly served with the complaint prior to removal and rejecting the removing defendant's attempt to cure the defect by submitting "Consents to Removal" from those defendants because the consents were filed beyond the thirty-day time period after service by as little as eight (8) days); Pinnacle Choice, 2008 WL 2003759, at *3 (finding that defendants' notice of removal was procedurally deficient where at least one defendant constituted "a served defendant who did not join in the notice of removal and did not advise the Court of his desire to join in removal within thirty days."); Bauer v. Glatzer, No. 07-4501, 2007 WL 4440213, at *2 (D.N.J. Dec. 17, 2007) (remanding action to state court and finding that defendant's consent to removal was untimely because it was filed eleven (11) days beyond the thirty day period after service of

process); Hicks, 2006 WL 3780703, at *3 (finding defendant's consent defective where it was submitted seventy-four (74) days after service, "well beyond the 30 day period allowed" under Section 1446(b)).

Here, Plaintiffs have demonstrated, the Removing Defendants do not contest, and Defendant Royal Adhesives readily concedes — that these Defendants were personally served at the offices of their respective agents in New Jersey on November 4, 2011 (Defendants Royal Adhesives and J-B Weld) and November 11, 2011 (Defendant Illinois Tool).  (See Affidavits of Service, Exs. A, B, D to Pls.' Mem. [Doc. Nos. 89-5, 89-6, 89-8]); (see also (Letter from Richard S. Ranieri, Esq., Counsel for Royal Adhesives, in Opp'n to Mot. to Remand [Doc. No. 143] 2.) However, Defendant Illinois Tool did not consent to, or join in, the Notice of Removal until January 11, 2012 — approximately sixty-one (61) days after being served in this action and approximately forty (40) days after the Notice of Removal was filed.  Similarly, both Defendants Royal Adhesives and J-B Weld consented to removal on January 20, 2012 — approximately seventy-seven (77) days after service of the amended complaint and approximately forty-nine (49) days after the Notice of Removal was filed.

As demonstrated above, the Removing Defendants' clearly failed to obtain the consent of Defendants Royal Adhesives,

18

Illinois Tool, and J-B Weld prior to filing their Notice of
Removal on December 2, 2011 constituting a defect in the removal
procedure under Section 1447(c).  Moreover, this defect cannot be
cured by the subsequent Notices of Consent filed by these
Defendants because these Notices were significantly untimely,
having been filed between sixty-one (61) and seventy-seven (77)
days after these Defendants were served — periods of time more
than double that permitted under Section 1446(b)'s thirty-day
time limit for removal.  The failure of these Defendants to
timely join in the Removing Defendants' notice violates "a
strictly applied rule of procedure that may not be extended by
the court." Rosebud Holding, L.L.C. v. Burks, 995 F. Supp. 465,
467 (D.N.J. 1998); see also Galvanek v. AT & T, Inc., No. 07-
2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) ("Section 1446
provides a thirty day limitations period for removal,... and it
is well-established that the thirty day period ... is mandatory
and cannot be extended by the court."); Cf. Peter Holding Co. v.
Le Roy Foods, Inc., 107 F. Supp. 56, 57-58 (D.N.J. 1952) ("Where
the right of removal has been lost by failure to file a petition
within the statutory period, it cannot be restored by order of
the court or by stipulation of the parties.  The statutory period
is an inflexible rule of law determining the time within which an
application to remove must be made, and the court has no
discretionary power to enlarge this period.")

Accordingly, the Removing Defendants' argument that any procedural deficiency has been cured and that removal is now proper and not defective is without merit and similar arguments have been rejected by multiple courts in this District.  As the removing parties, it was incumbent upon the Removing Defendants to demonstrate the propriety of removal in this case.  Bearing in mind that removal statutes must be strictly construed in favor of Plaintiffs, the non-removing parties, and that all doubts must be resolved in favor of remand, the Court finds that the Removing Defendants have failed to meet their burden in opposing this motion to remand.  The Removing Defendants are unable to contest the plainly obvious fact that at least three Defendants properly served with the amended complaint prior to removal on December 2, 2011 failed to timely join in, or consent to, removal as required by Section 1446(b) until well beyond thirty-days after service. In light of this violation of the rule of unanimity, which "requires that *all* defendants 'join in the notice of removal or give their consent *within the thirty day period* for the removal to be proper[,]'" Pinnacle Choice, 2008 WL 2003759, at *3, removal is not proper in this case, and Plaintiffs' motion to remand must be granted.

In addition to their argument that any procedural defect has been cured, the Removing Defendants alternatively argue that the motion to remand should be denied, even in the face of an obvious

procedural defect, because the Removing Defendants "exercised reasonable diligence in obtaining consent from all co-defendants who they knew or should have known had been served prior to filing [the] Notice of Removal since no proofs of service [were] on file with the Court."  (Removing Defs.' Opp'n 1.)   According to the Removing Defendants, "no proof of service was on file with the [state] court for any of the defendants in this case prior to Safety-Kleen's deadline for removal" and "[w]ithout notices on file, it [was] extremely onerous and burdensome ... [to require] consent ... be obtained from every single one of the fifty-eight defendants in this case."  (Id. at 7.)

The Removing Defendants urge this Court to excuse their failure to obtain consent from these Defendants prior to filing the Notice of Removal on December 2, 2011 on the basis that the Removing Defendants did not actually know that these Defendants had been served at that time.  The Removing Defendants argue that they exercised due diligence in attempting to determine whether these Defendants had been served because the Removing Defendants repeatedly checked the state court docket for proofs of service, called the state court clerk's office on multiple occasions, and even attempted to contact each of these Defendants prior to filing the Notice of Removal.

In making this argument, the Removing Defendants primarily rely on Laurie v. Nat'l R.R. Passenger Corp., No. 01-6145, 2001

WL 34377858, at *1 (E.D. Pa. Mar. 13, 2001), an opinion from the
Eastern District of Pennsylvania.[8]  The district court in Laurie
was faced with deciding "what lengths a removing defendant should
be expected to go to determine who else has been served, and
when."  Id. at *1.  In answering that question, the Laurie court
concluded that "a defendant is required to obtain consent only

_____

[8]The Removing Defendants also cite Driscoll v.
Burlington-Bristol Bridge Co., 82 F. Supp. 975, 984 (D.N.J. 1949)
and contend that Driscoll is "the paramount case in the District
of New Jersey concerning the issue of unanimity of consent prior
to removal, as it is the only published District of New Jersey
case directly on point."  (Removing Defs.' Opp'n 5.)  The
Removing Defendants rely on Driscoll for the proposition that
removing defendants who have "no information from the official
[court] record that other defendants ha[ve] been served on [the
date they file[] their Notice of Removal] ... [are] justified in
disregarding the other defendants in filing their petition for
removal."  (Id. at 6) (citing Driscoll, 82 F. Supp. at 985).
     Initially, the Court disagrees with the Removing Defendants'
assertion that Driscoll is "the paramount case" in this District
concerning unanimity of consent.  The Court's research reveals
that no other court in this District has ever cited Driscoll for
the proposition offered by the Removing Defendants, let alone
followed Driscoll in excusing a failure to obtain unanimous
consent for removal.
     Moreover, the Court is not bound by the decision in Driscoll
and is unpersuaded by its reasoning because the decision fails to
account for the significant advances in technology since 1949,
over sixty years ago, which have made it substantially easier in
this day and age for a removing defendant to determine whether a
codefendant has been served in order to comply with the rule of
unanimity upon removal. Compare Driscoll, 82 F. Supp. at 984-85
(D.N.J. 1949) with Greco v. Yellowpages.com, LLC, No. 3:09-CV-
1502, 2009 WL 3571897, at *1 (M.D. Pa. Oct. 26, 2009)
(recognizing that in 2009 "[i]t would require very little effort
to attempt to contact" a defendant clearly identified by a
pleading prior to removal in order to determine whether that
defendant had been served and finding that simply checking the
state court docket for proof of service and calling the clerk is
insufficient even under Laurie).

from those codefendants who it knew or should have known, in the exercise of reasonable diligence, had been served." Id. (citing Milstead Supply Co. v. Casualty Ins. Co., 797 F. Supp. 569, 573 (W.D. Tex. 1992)). However, Laurie is not binding on this Court, and the Removing Defendants have not cited a single case in the District of New Jersey relaxing the requirements of the rule of unanimity, absent an applicable exception, simply because the removing party argued that it exercised reasonable diligence in merely attempting to obtain the consent of all defendants served at that time.

As the cases cited supra demonstrate, see Raju, Pinnacle Choice, and Bauer, not only do the courts in this District not excuse the failure to obtain consent from all defendants who have been served prior to removal based on the exercise of reasonable diligence, at least one court in this District has expressly rejected adoption of the reasonable diligence standard.  In Hicks, 2006 WL 3780703, at *3, the removing defendant failed to obtain the consent of another defendant who had been served prior to removal.  The removing defendant argued, as the Removing Defendants here do, that this failure was not fatal to removal because a removing defendant "'is required to obtain consent only from those co-defendants who it knew or should have known, in the exercise of reasonable diligence had been served' and that it exercised such diligence by '[r]epeatedly checking the docket and

23

calling the Clerk of Court to determine status of service.'" <u>Id.</u>
at *2.

Upon consideration of this argument, the Honorable Renée
Marie Bumb, U.S.D.J., concluded that removal in these
circumstances was defective and remand was warranted because
"[r]egardless of the fact [the removing defendant] was not aware
of it, [the other] Defendant ... was indeed served at the time
[the removing defendant] filed its notice of removal, ...and [the
removing defendant] ... conceded that fact[.]" <u>Id.</u> at *3.  Judge
Bumb further rejected the removing defendant's attempt to shift
the burden to plaintiffs to inform the removing defendant of
service and cited multiple cases from the Eastern District of
Pennsylvania which did the same.  <u>Id.</u> (citing cases and
recognizing <u>Laurie</u> as the only case which excused a defective
removal based on a defendant's reasonable diligence.)

As explained in <u>Hicks</u>, several other courts in this District
have expressly acknowledged that the burden on removal lies
always with the removing defendant and places no obligation on
the plaintiff to provide information regarding service to the
removing defendant.  <u>See, e.g.</u>, <u>County of Morris v. State Nat.</u>
<u>Ins. Co.</u>, No. 10-6616, 2011 WL 2039057, at *4 n.4 (D.N.J. Apr.
26, 2011) (noting that "a removing defendant has an obligation to
investigate whether a co-defendant has been served with process
prior to removal, and ... a plaintiff does not have an

24

affirmative duty to provide such information."); Aqua-Gulf
Transp., Inc. v. Twin Cnty. Transp., No. 06-1952, 2006 WL
3591291, at *3 (D.N.J. Dec. 11, 2006) (highlighting that "the
removal statutes place no burden on Plaintiff to come forward
with information regarding service of the Summons and Complaint.
... The burden is clearly on the defendants to comply with the
requirements for removal.") (citations omitted).

     As one court in this District succinctly stated, "[e]ven
where ... no counsel has made an appearance on behalf of a named
defendant and no proof of service has been filed with respect to
that named defendant, the removing defendant nevertheless has the
duty to insure that such named defendant has consented to the
removal." Aqua-Gulf Transp., 2006 WL 3591291, at *3 (D.N.J. Dec.
11, 2006).  Where the removing defendant fails to obtain such
consent as it is duty bound to secure under the removal statute —
which must be strictly construed with doubts resolved in favor of
remand — the notice of removal fails to comply with the rule of
unanimity and is procedurally defective under Section 1447(c).
The Court agrees with the opinion in Hicks, and others in this
District strictly construing the removal statute and holding
removing defendants accountable for meeting the statutory
requirements.

     Therefore, the Court similarly holds that the exercise of
reasonable diligence in attempting to obtain consent of all

25

codefendants prior to removal is not the controlling standard
with respect to the rule of unanimity.  Accordingly, the Court
need not assess whether the efforts they took to obtain consent
of other Defendants in this action constitutes reasonable
diligence.  More importantly, understanding that virtually all,
if not all, Defendants in this case are represented by
"sophisticated counsel who are no doubt familiar with the rules
and procedures surrounding removal[,]" the Court finds that any
"inadvertence or neglect [here] rests with the Defendants[,]" as
the party bearing the burden to establish that removal is proper.
See Brown v. Sarubbi, No. 06-1634, 2006 WL 2014227, at *3 (D.N.J.
July 18, 2006).

    Finally, in seeking to avoid remand, the Removing Defendants
make two additional arguments.  Initially, the Removing
Defendants contend that Defendants Royal Adhesives, Illinois
Tool, and J-B Weld are nominal parties.  If the Removing
Defendants can demonstrate that these parties are nominal, then
the Court may excuse those Defendants from the unanimity
requirement.  See Balazik, 44 F.3d at 213 n.4.  "Nominal parties
are generally those without a real interest in the litigation."
Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 767 (3d. Cir.
1991).  A party is without a real interest in the litigation only
where there is "no reasonable basis for predicting that [the
defendant] ... will be held liable."  Michael v. State of N.J.,

26

955 F. Supp. 315, 320 (D.N.J. 1996).  In Michaels, the court was able to conclude that the City of Newark was a nominal party under this exception to the rule of unanimity because the complaint contained "*no* allegation that *any* employee ... was so involved" in the activities that formed the basis of plaintiff's claims for relief.  Michaels, 955 F. Supp. at 320-21 (emphasis added).

Again recognizing the heavy burden placed on the Removing Defendants, the Removing Defendants have failed to demonstrate that these other Defendants are, in fact, nominal parties.  In direct contrast to Michaels, Plaintiffs here specifically named fifty-eight Defendants which allegedly manufactured or produced the products containing benzene, exposure to which ultimately resulted in Nilton Cacoilo's diagnosis and death.  Accepting these allegations as true, this Court finds there is a reasonable basis for predicting that any of these Defendants, Royal Adhesives, Illinois Tool, or J-B Weld, could be held liable to Plaintiffs based on their alleged involvement in the manufacture of products containing benzene exposure to which purportedly caused the death of the Nilton Cacoilo.  Accordingly, the nominal party exception to the rule of unanimity does not apply in these circumstances, and therefore cannot excuse the Removing Defendants' failure to obtain the consent of these Defendants

prior to removal.[9]

Lastly, the Removing Defendants conclude by suggesting that the Court should grant them the opportunity to cure the alleged defect in the removal procedure because there should be clear guidance on how to meet the requirements in the federal removal statute, granting leave to cure the defect is in the interest of judicial economy, and the issue of consent is now moot.  In answering the question of whether a removal petition can be amended to correct a procedural deficiency, courts in this District have held, "generally speaking, that a court has discretion to permit the amendment of a notice of removal after the thirty day period in the interests of justice or judicial economy."  Pinnacle Choice, 2008 WL 2003759, at *5 (citing Wal-Mart Stores, Inc. v. Elec. Ins. Co., No. 06-3132, 2007 WL 137238 (D.N.J. Jan. 18, 2007); Brown, 2006 WL 2014227; Michaels, 955 F. Supp. at 322).  However, "[d]espite this discretion, ... permission to amend is unlikely absent 'extraordinary circumstances.'"  Pinnacle Choice, 2008 WL 2003759, at *5 (citing Michaels, 955 F. Supp. at 322).

Here, the Removing Defendants arguments set forth briefly above do not sufficiently demonstrate the presence of

---

9.  The Removing Defendants do not attempt to argue the applicability of any other exceptions to the rule of unanimity as set forth in Balazik, and therefore, the Court does not separately address these exceptions.

extraordinary circumstances in this case.  First, we believe that the existing statutes and interpreting case law already provide clear guidance on the procedural requirements for removal in a case of this kind.  Second, while we have not doubt that with this many Defendants discerning which ones had been served and obtaining their individual consent - all while watching the clock and without the assistant of Plaintiffs - would have been a time-consuming, perhaps costly, and challenging task.  That alone is not enough to make this an extraordinary case.  Moreover, it raises the question as to whether this Court or any court is competent to decide how many defendants it takes to make the task so extraordinary as to tip the scales in favor of relaxing the procedural requirements.  We believe that if such a line should be drawn, it should be drawn by Congress which has the power to set the limits of lower federal court jurisdiction.[10]

_____

10.  For example, Congress recently amended Section 1446(b).  The prior version of the statute stated that removal had to be effectuated "within thirty days after the service of summons upon the defendant."  Newly revised Section 1446(b) resolves a previous split among the Circuit Courts of Appeals.  Prior to this amendment, in cases involving multiple defendants served at different times, some Circuits held that a removal notice must be filed within thirty days of the time that the first defendant was served.  However, other Circuits permitted all defendants, including the later-served defendants, the full thirty days to remove a case to federal court.  Resolving this split, Congress amended Section 1446(b) and adopted the more lenient view, allowing each defendant a full thirty days following service on that defendant to file a removal notice.  See 28 U.S.C. § 1446(b)(2)(A) (presently providing that "[e]ach defendant shall have 30 days after receipt by service on that defendant ... to file the notice of removal.")

Additionally, the Court explicitly rejects the argument that it is in the interests of justice and judicial economy to allow an amendment at this time.  In support of this claim, Removing Defendants point out that there are "over 140 separate pleadings on file" and as such, it is in the interest of judicial economy to allow for an opportunity to cure.  In making such a characterization, however, the Removing Defendants overstate their case.  Although the docket reflects over 280 entries in this case, the Court notes that (1) there are 59 parties to this suit, which naturally causes an increase in the number of filings on the docket, and (2) a large number of those entries are not actually pleadings[11] as the Removing Defendants assert.  (See [Doc. Nos. 1-264] consisting of approximately 39 notices of appearance, 64 requests for extensions of time, and 36 corporate disclosure statements).  Furthermore, as Plaintiffs correctly point out, there have been no substantive orders issued to date, nor has there been an initial scheduling conference before the Magistrate Judge to set a timeline for discovery and the filing of dispositive motions in this case.  Accordingly, the Court concludes that there is no concern for judicial economy which

---

11.  Federal Rule of Civil Procedure 7, defines the following as pleadings: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counter-claim designated as a counter claim; (4) an answer to a cross-claim; (5) a third party complaint; (6) an answer to a third party complaint; (7) if the court orders, a reply to an answer. FED. R. CIV. PRO. 7(a)(1)-(7).

warrants allowing the Removing Defendants to amend here.

As a final matter, the Court notes that Plaintiffs have requested an award of costs and fees be assessed against the Removing Defendants.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Although the Court has "broad discretion" in determining whether to award fees, Mints v. Educ. Testing Services, 99 F.3d 1253, 1260 (3d Cir.1996), such an award is only proper if "the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, (2005).  However, "a procedural mistake will rarely warrant an award of costs."  Pinnacle Choice, 2008 WL 2003759, at *8 (citing Bauer, 2007 WL 4440213, at *3) ("The basis for Defendant['s] ... removal to the Court is not rendered unreasonable simply because Defendant ... did not comply with the procedural requirements of 28 U.S.C. § 1446(b).").  Here, the Court finds that the Removing Defendants' mistake was procedural in nature and reasonable under the circumstances of a case involving this many defendants.  While we ultimately fault the Removing Defendants procedurally, we do not consider the error objectively unreasonable.  Accordingly, an award of fees and costs is not warranted under these circumstances.

V.    **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion [Doc. No. 89] is granted and this case shall be remanded to the Superior Court of New Jersey for Camden County.  An Order consistent with this Opinion will be entered.


Date: September 28, 2012               /s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.